UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.R. and D.R. by and through his parent, N.R.,<br><br>Plaintiffs,<br><br>v.<br><br>DEL MAR UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No.: 21-cv-01759-AJB-WVG<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFFS N.R. AND D.R.**<br><br>**(Doc. No. 19)** |

Before the Court is E. Daniel Robinson's ("Counsel") motion to withdraw as counsel of record for Plaintiffs D.R., a minor, and N.R., individually and as the parent of D.R. (Doc. No. 19.) According to Counsel, he has no choice but to seek withdrawal because N.R. ("Parent") has rendered it unreasonably difficult for him to carry out effective representation. (*Id.* at 1–2.) Parent filed an opposition, arguing that Counsel's reasons for withdrawal are conclusory and asking the Court, in the event it grants Counsel's motion, for a stay of proceedings until she retains another attorney. (Doc. No. 23.) Counsel filed a reply, maintaining that there has been a total breakdown in attorney-client relationship

between him and Parent, and that his duty of confidentiality limits his ability to reveal communications with Parent. (Doc. No. 24.) The Court finds the matter suitable for determination on the papers and without oral argument. *See* S.D. Cal. Civ. L. R. 7.1(d). The motion hearing scheduled for March 9, 2023 is therefore **VACATED**. For the following reasons, the Court **GRANTS** Counsel's motion.

## I.  LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court*." Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Kassab v. San Diego Police Dep't*, No. 07-cv-1071 WQH (WMc), 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008) (citation omitted). Moreover, the motion for leave to withdraw must be supported by "good cause." *Evolv Health, LLC v. Cosway USA, Inc.*, No. 16-cv-1602 ODW (ASx), 2017 WL 1534184, at *2 (C.D. Cal. Apr. 26, 2017) (citation omitted). In determining whether good cause is shown, courts have considered: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case*." Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-594 WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citation omitted).

Additionally relevant here, Local Rule 83.4(b) provides that "any attorney permitted to practice in this court shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California." S.D. Cal. Civ. L. R. 83.4(b). The California Rules of Professional Conduct permit counsel to withdraw if the client's "conduct renders it unreasonably difficult for the member to carry out the employment effectively." Cal. Rules of Prof. Conduct R. 3-700(C)(1)(d).

## II.  DISCUSSION

Having reviewed Counsel's declaration outlining the reasons for his withdrawal along with Parent's opposition, it is clear there is no longer a meaningful attorney-client relationship between Counsel and Parent. According to Counsel's declaration, Parent has repeatedly expressed her distrust in and rejected his legal judgment, and that he and Parent are in "absolute disagreement on how to proceed in the present case." (Doc. No. 19-1 at 2, 3.) Parent does not dispute the fundamental disagreements over case strategy that have led to Counsel's motion to withdraw. (Doc. No. 23 at 7–8.) The Court thus concludes that Counsel and Parent's relationship has broken down to such an extent that Counsel can no longer represent Plaintiffs in this case. *See* Cal. Rules of Prof. Conduct R. 3-700(C)(1)(d) (permitting withdrawal where the client's "conduct renders it unreasonably difficult for the member to carry out the employment effectively.").

The Court also notes that this case is still in its early stages—discovery has just begun, and no trial date has been set. (Doc. No. 22.) Moreover, Parent has known of Counsel's intention to withdraw from representation since early September 2022 and was advised at that time to begin searching for new counsel. (Doc. No. 19-1 at 2.) There is no indication that Parent is unable to find new counsel. Accordingly, the Court does not find that Counsel's withdrawal will cause undue prejudice to the litigants, harm the administration of justice, or unnecessarily delay the resolution of this case.[1] *See Beard*, No. 07-cv-594 WQH (NLS), 2008 WL 410694, at *2. For the foregoing reasons, the Court finds good cause to grant Counsel's motion. *See Kassab*, No. 07-cv-1071 WQH (WMc), 2008 WL 251935, at *1.

As a final note, the Court recognizes that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). Accordingly, although the Court will grant

---

[1] Defendant Del Mar Unified School District did not oppose Counsel's motion.

the motion to withdraw, the Court orders Plaintiffs to obtain replacement counsel for D.R. no later than 30 days of the date of this Order.[2] *See, e.g., Thompson v. Panama-Buena Vista Union Sch. Dist.*, No. 1:12-CV-00082-LJO, 2012 WL 2403541, at *2 (E.D. Cal. June 25, 2012) (granting motion to withdraw as counsel and ordering new counsel be secured for the minor plaintiff).

### III.   CONCLUSION

For the reasons stated herein, the Court **GRANTS** E. Daniel Robinson's motion to withdraw as counsel of record for Plaintiffs. (Doc. No. 19.) Accordingly, Plaintiff N.R. is deemed pro se,[3] and because minors may not appear in court pro se, the Court **ORDERS** Plaintiffs to secure new counsel for Plaintiff D.R. and have new counsel submit a notice of appearance by March 15, 2023. Failure to comply with the Court's Orders, Local Rules, or Federal Rules may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b); S.D. Cal. Civ. L. R. 41.1. Counsel is **DIRECTED** to serve Plaintiffs a copy of this Order and file proof of service by February 17, 2023. The Clerk of Court is **DIRECTED** to terminate Counsel as attorney of record upon such filing. In an abundance of caution, the Clerk is also **DIRECTED** to serve Plaintiffs a copy of this Order via mail.

**IT IS SO ORDERED**.

Dated:  February 15, 2023

Hon. Anthony J. Battaglia
United States District Judge

---

[2] Parent has been on notice that she should seek new counsel for over five months.

[3] To the extent Parent seeks permission to utilize the court's electronic filing system, the Court refers her to the Southern District of California's Electronic Case Filing Administrative Policies & Procedure Manual § 2.b, which can be found at the court's public website at https://www.casd.uscourts.gov/_assets/pdf/cmecf/Electronic%20Case%20Filing%20Procedures%20Manual.pdf.