UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.R.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DEL MAR UNIFIED SCHOOL DISTRICT,<br><br>　　　　　　　　　　Defendant. | Case No.: 21-cv-01759-AJB-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY**<br><br>**(Doc. No. 64)** |

　　　　Pending before the Court is a motion to disqualify pursuant to 28 U.S.C. §§ 144 and 455 filed by Plaintiff N.R., proceeding *pro se*. (Doc. No. 64.) Having reviewed the motion, the Court finds it suitable for determination without a hearing. *See* L. Civ. Rule. 7.1.d ("A judge may, in the judge's discretion, decide a motion without oral argument."). For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

//
//
//
//
//

1

## I. LEGAL STANDARD

Section 144 requires the movant to have filed "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The presiding judge may determine the legal sufficiency of the affidavit. *United States v. Azhocar*, 581 F.2d 735, 737–38 (9th Cir. 1978). If the affidavit is deemed "sufficient," then the motion to disqualify must be referred to another judge for determination. *Id.* Section 144 also requires the affidavit "be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144.

Section 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute is a self-recusal statute and enumerates several bases for disqualification. *See id.*

The Ninth Circuit has held that the "substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *U.S. v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam) (internal alterations, quotation marks, and citation omitted). The movant bears the burden of proving facts which justify disqualification or recusal. *Denardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992).

## II. DISCUSSION

Plaintiff argues this Court must disqualify itself in this matter pursuant to §§ 144 and 455 because the Court has personal bias and prejudice against Plaintiff and her minor son and a personal bias in favor of Defendant Del Mar Unified District and its counsel's firm. Plaintiff claims the Court has failed to make an array of disclosures concerning personal relationships and financial information, which in her view merits this Court's recusal. Her claims are unfounded.

//

### A. 28 U.S.C. § 144

To begin, the Court concludes that Plaintiff's affidavit is insufficient for purposes of § 144 because it is not accompanied by a certification of counsel stating that the affidavit is made in good faith. *See* 28 U.S.C. § 144. Plaintiff offers no authority upon which the Court can conclude that a pro se litigant's certification satisfies the statute's requirement.[1] Applying the clear language of the statute, the Court finds that because Plaintiff's affidavit is not accompanied by a certificate of good faith executed by an attorney, she cannot proceed pursuant to § 144.[2]

### B. 28 U.S.C. § 455

Though not a paragon of clarity, it appears Plaintiff seeks recusal under 28 U.S.C. § 455 based on subsections (a), (b)(1), and (b)(4). The subsections state in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party . . .
>>
>> (4) He knows that he . . . or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding[.]

---

[1] The Ninth Circuit has not ruled on this specific issue, and district courts are mixed as to whether this avenue of relief is simply unavailable to pro se litigants or whether certification of an attorney who is not counsel of record would suffice. *See Jimena v. UBS AG Bank*, No. CV-F-07-367 OWW/SKO, 2010 WL 2650714, at *3 (E.D. Cal. July 1, 2010) (collecting cases). Regardless, neither alternative avails Plaintiff here.

[2] Even assuming Plaintiff could proceed under § 144, the Court finds her affidavit insufficient for the reasons outlined *infra* § II.B. *See Hernandez*, 109 F.3d at 1453 (holding the substantive standard for recusal under § 144 and § 455 is the same).

3

21-cv-01759-AJB-WVG

28 U.S.C. § 455(a), (b)(1), (b)(4).

Aside from sheer speculation, Plaintiff makes no showing that would lead a reasonable person to conclude that the Court's impartiality might be questioned in this case. Plaintiff's motion suggests, without a reasonable factual basis, some conspiracy between the Court, Defendant, and Defendant's counsel. Nothing in the record supports Plaintiff's attack on the integrity of the Court. No attempt is made here to address the unfounded allegations, although some will be highlighted to illustrate the point that sheer speculation is all that is asserted here.

First, the Court finds without merit Plaintiff's claim that its alleged failure to disclose ownership of the Court's wife and son's law corporation establishes a bias or prejudice in this case. Even if the Court had ownership in the firm (it does not[3]), Plaintiff does not explain how the family members' firm have any bearing on, or interest in, the outcome of this case. Plaintiff would have the Court find that on some unspecified circumstance its family members' law firm and Defendant's firm have a business relationship, and as a result, the Court cannot be impartial in this matter. The family members' firm handles trusts and estate matters, including special needs trusts for disabled individuals. They do not represent school districts, county agencies, or litigate IDEA claims. Mere coincidences do not give rise to inferences of bias or prejudice.

Second, the Court similarly finds unavailing Plaintiff's attempt to establish her conspiracy claim by pointing to the Court's association with: (1) its daughter-in-law, a Senior Deputy Counsel for the County of San Diego, (2) the San Diego County District Attorney, Summer Stephan ("Stephan"), (3) one of Del Mar School District's board members, Doug Rafner ("Rafner"), (4) one of the partners of Defendant's counsel's firm, Daniel Shinoff ("Shinoff"), and (5) a former extern (a volunteer law student who spent a semester with the Court and had nothing to do with this case) of the Court. In Plaintiff's

---

[3] As a judicial officer, who handles a full civil case load and a 70% criminal case load, the Court cannot practice law nor hold direct ownership in a law firm.

view, because the Court is associated with government attorneys like the Court's daughter-in-law and Stephan, who has worked with Rafner and has not responded to Plaintiff's letters complaining about Shinoff, who at one time hosted a fundraiser for her and was once law partners with the father of one of the Court's former externs, the Court has a bias in favor of Defendant and its counsel's firm. The gaps between Plaintiff's suppositions are too great, and she provides no evidence to bridge them. The purported links between these associations are simply not there. Again, Plaintiff cannot rely merely on happenstance to impugn the Court's impartiality.

Third, Plaintiff's claims of purported irregularities over financial disclosures and case reports are also without merit. Plaintiff offers no explanation linking the alleged irregularities to any bias or prejudice on the Court's part. Instead, Plaintiff repeats the same disagreements she has previously expressed over the Court's prior rulings, specifically on her failure to exhaust her administrative remedies. Judicial rulings, however "almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Plaintiff presents no argument or evidence to warrant departure from this general rule. The Court makes clear it harbors no personal bias or prejudice, one way or the other, towards Plaintiff or Defendant. Throughout the proceedings, the Court has given due consideration to motions filed by both parties and afforded Plaintiff, due to her *pro se* status, considerable leeway—granting her, *inter alia*, ample time to find counsel, repeated extension of deadlines, and access to electronically file documents.

In the end, the Court is faced with a motion to disqualify which lodges accusations of bias and prejudice based solely on coincidental connections. Conclusory allegations devoid of specific facts tending to show personal bias are insufficient to support a motion for recusal. *See, e.g.*, *United States v. Sibla*, 624 F.2d 864, 869 (1980). It would thus be an untenable stretch for a reasonable person with knowledge of the all the facts of this case to question the Court's impartiality. Indeed, a reasonable person in this context means "a well-informed, thoughtful observer as opposed to a hypersensitive or unduly suspicious person."

*Clemens v. U.S. District Court for the Central District of Ca.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (citations and internal quotations omitted). Plaintiff's showing does not meet the reasonable person standard. *See Hernandez*, 109 F.3d at 1453. Simply put, there is no demonstrated bias or prejudice requiring recusal in this case.

### III. CONCLUSION

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff's motion to disqualify pursuant to 28 U.S.C. §§ 144 and 455.

**IT IS SO ORDERED**.

Dated: September 12, 2023

Hon. Anthony J. Battaglia
United States District Judge