UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| N.R., | | Case No.: 21-cv-01759-AJB-KSC |
| | Plaintiff, | |
| v. | | **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING CASE** |
| DEL MAR UNIFIED SCHOOL DISTRICT, | | |
| | Defendant. | **(Doc. No. 62)** |

This action arises from Plaintiff N.R.'s ("Plaintiff") appeal of the California Office of Administrative Hearings' ("OAH") July 13, 2021 decision on her and her disabled son's due process complaint against Defendant Del Mar Unified School District's ("District") pursuant to the Individuals with Disabilities Education Act ("IDEA") and the California Education Code. (Doc. No. 6.) In the OAH decision, the Administrative Law Judge ("ALJ") denied Plaintiff's request for a continuance of her due process hearing and dismissed the case with prejudice for her refusal to proceed on that date. (Doc. No. 62-6 at 74–81.) Plaintiff's operative complaint appeals the decision, arguing that the ALJ erred and abused his discretion when he failed to decide the issues in the due process complaint on the merits and dismissed it with prejudice. (Doc. No. 6 at 30.)

Before the Court is the District's motion for summary judgment, arguing that (1) Plaintiff failed to seek timely judicial review of the ALJ's denial of a continuance and (2) Plaintiff waived her due process rights by refusing to prosecute her case. (Doc. No. 62-1 at 2.) In a prior Order, the Court ruled on the first question, finding it lacks jurisdiction under California Government Code § 11524 to review the ALJ's denial of Plaintiff's request for a continuance. (Doc. No. 92.) The Court thereafter instructed the parties to brief the sole remaining issue on summary judgment: "whether the ALJ had authority to dismiss the case with prejudice for Plaintiff's failure to prosecute or whether its failure to make substantive findings of fact and conclusions of law on the merits of the due process complaint warrants reversal." (*Id.* at 4.) The parties have filed their briefs. (Doc. Nos. 93, 96.) And the Court finds the matter suitable for determination on the papers and without oral argument. The Court thus **VACATES** the December 14, 2023 motion hearing. *See* L. Civ. R. 7.1(d) ("A judge may, in the judge's discretion, decide a motion without oral argument.").

For the reasons set forth below, the Court **DENIES** the District's motion for judgment in its favor, **GRANTS** judgment in Plaintiff's favor, **VACATES** the ALJ's decision, and **REMANDS** the case for further proceedings.

I.   **BACKGROUND**

In December 2020, Plaintiff filed a due process complaint against the District, alleging that the Individualized Education Plan ("IEP") it developed in February, September, October, and December 2020 failed to provide her son a free appropriate public education ("FAPE") for the 2020-2021 school year due to, among other things, his placement in distance learning during the COVID-19 pandemic. (Doc. No. 62-2 at 5.)

After continuances granted to both parties, Plaintiff's due process hearing was scheduled to begin on July 7, 2021 and expected to last several days. (Doc. No. 62-6 at 72, 76.) Plaintiff was present and represented by counsel on the first two days of the hearing. (*Id.* at 77.) The parties submitted over 700 exhibits, and the ALJ received testimony from five witnesses, including Plaintiff's expert. (*Id.*)

On July 13, 2021, the third day of the hearing, Plaintiff made an oral motion to terminate her attorneys. (*Id.* at 77.) The ALJ warned her of the consequences of such termination, including that the hearing would proceed with Plaintiff representing her son. (*Id.* at 77–78.) Plaintiff confirmed she wanted to terminate her counsel, and the ALJ granted the motion to withdraw counsel. (*Id.* at 78.)

When the ALJ asked Plaintiff to call her next witness, she objected to proceeding with the hearing on various grounds. (*Id.*) Considering the prior continuances of the hearing, the documents submitted, the testimony taken in the matter, and the availability of witnesses, the ALJ did not find good cause to continue the hearing and rejected Plaintiff's request for a further continuance. (*Id.* at 80.) The ALJ also dismissed the case with prejudice based on Plaintiff's refusal to proceed with the hearing on that date. (*Id.* at 80–81.) The instant appeal of the ALJ's decision and the District's motion for summary judgment followed.

## II. LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[1] A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In addition, "where the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment *sua sponte* for the nonmoving party." *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014).

## III. DISCUSSION

In reviewing an appeal brought pursuant to the IDEA, "the district court should review for procedural compliance with the statute, and for whether the program is

---

[1] Unless otherwise indicated, internal quotations, citations, and alterations are omitted from the cases cited in this Order.

reasonably calculated to enable the child to receive educational benefits." *Capistrano Unified Sch. Dist. v. Wartenberg By & Through Wartenberg*, 59 F.3d 884, 891 (9th Cir. 1995). Pertinent here, the IDEA states that "a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education." 20 U.S.C. § 1415(f)(3)(E)(i).

There is no dispute that when the ALJ dismissed Plaintiff's due process complaint, it made no substantive findings on the merits of her complaint. It thus appears plain that the ALJ failed to comply with § 1415(f)(3)(E)(i). The District ignores this issue and maintains that "a plaintiff's failure and refusal to continue with the administrative hearing constitutes a waiver of rights which the plaintiffs cannot litigate upon appeal." (Doc. No. 96 at 8.) In support, the District cites *Horen v. Bd. of Educ of City of Toledo Pub. Sch. Dist.*, 655 F. Supp. 2d 794, 805–06 (N. D. Ohio. 2009) and *United States v. Amwest Sur. Ins. Co.*, 54 F.3d 601, 602 (9th Cir. 1995). Neither is on point.

In *Horen*, the school district filed a due process complaint seeking an order: (1) directing the parents to participate in IEP meetings without making unauthorized audio or video recordings; (2) authorizing the attendance of the school district's attorney at the IEP meetings; and (3) directing the parents to send the child to school, or, alternatively, to inform the school district that she is being home-schooled or otherwise educated. *See Horen*, 655 F. Supp. 2d at 798. Unlike in this case, the hearing officer in *Horen* issued a substantive decision on the due process complaint before it, finding in favor of the school district on the above issues. *See id.* at 798, 803.

To be sure, the *Horen* court also found that the plaintiffs were precluded from challenging the hearing officer's partiality on appeal because they chose not to attend the hearing on that claim and thereby waived their challenge. *See id.* at 806. Plaintiff's case, however, is different. Plaintiff attended the due process hearings. And although she refused to proceed on the third day of the hearing, she did so not because she wanted to abandon her due process claim, but because she felt unprepared to proceed with her case that day.

Moreover, Plaintiff objected when the District made an oral motion to dismiss the case with prejudice. Because these circumstances undermining a waiver finding were not present in *Horen*, the Court declines to find its decision on that issue controlling here.

The other case on which the District relies, *United States v. Amwest Sur. Ins. Co.*, also does not support a waiver finding in this case. Other than for its general proposition that a waiver is an intentional relinquishment or abandonment of a known right or privilege, the Court does not find the case relevant or analogous. *See* 54 F.3d at 602. As previously discussed, the record does not support a finding that Plaintiff intentionally abandoned her due process complaint, nor is there "clear, decisive and unequivocal conduct which indicates a purpose to waive the legal rights involved" for the Court to find that she has impliedly waived her rights. *See id.* at 603. For the foregoing reasons, the Court does not find the waiver doctrine applicable here.

The Court also declines to find that the waiver doctrine provided the ALJ authority to dismiss Plaintiff's case with prejudice. For one, the ALJ's decision makes no explicit waiver finding. And in any event, the District cites no rule, statute, or case law stating that a waiver finding absolves the ALJ of the IDEA's requirement that "a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education." 20 U.S.C. § 1415(f)(3)(E)(i). Indeed, a case cited by the District, indicates that the appropriate manner of proceeding with the case after having denied Plaintiff's request for a continuance was not to dismiss her case with prejudice for failure to prosecute, but rather, to continue with the hearing, take evidence, hear testimony, and make findings of facts and conclusions of law on whether the child received a FAPE. *See, e.g.*, *E.G. by his Garrett v. Elk Grove Unified Sch. Dist.*, No. 216CV02412TLNKJN, 2019 WL 3500506, at *2 (E.D. Cal. Aug. 1, 2019) (explaining that after the ALJ denied the plaintiff's request for a continuance, it "proceeded with the hearing, took evidence, and heard testimony" and subsequently "made numerous factual findings and conclusions of law" on the merits of the complaint).

      Here, because the ALJ's decision contains no findings of facts or conclusions of law on whether the District's IEP deprived Plaintiff's son a FAPE during the 2020-2021 school year, it fails to comply with the IDEA. *See* 20 U.S.C. § 1415(f)(3)(E)(i); *Capistrano Unified Sch. Dist.*, 59 F.3d at 891 ("the district court should review for procedural compliance with the statute"). As the Supreme Court has explained, "[t]he IDEA's stated purpose and specific commands center on ensuring a FAPE for children with disabilities" and its "administrative procedures test whether a school has met this obligation: Any decision by a hearing officer on a request for substantive relief shall be based on a determination of whether the child received a free appropriate public education." *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 155 (2017). Because the ALJ's decision lacks the requisite findings under the IDEA, the Court does not have an adequate record to review and determine Plaintiff's claim for denial of a FAPE. *See generally Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472 (9th Cir. 1993) ("[T]he IDEA does not empower courts to substitute their own notions of sound educational policy for those of the school authorities which they review.").

      Based on the foregoing, the Court deems it appropriate to vacate the ALJ's decision and remand the case for further proceedings. *See* 20 U.S.C. § 1415(i)(2)(C)(iii) (authorizing the district court to "grant such relief as the court determines is appropriate."); *McNeil v. D.C.*, 217 F. Supp. 3d 107, 115–16 (D.D.C. 2016) (remanding case where the ALJ did not "satisfy her obligation to address" the plaintiff's claim concerning a 2012 IEP); *Fullmore v. D.C.*, 40 F. Supp. 3d 174, 180 (D.D.C. 2014) (district court faced with a record that insufficiently equipped it to decide the child's entitlement to compensatory education noting it could "remand this case to the hearing officer to consider the issue"); *Suggs v. D.C.*, 679 F. Supp. 2d 43, 53 (D.D.C. 2010) ("Left with an incomplete record and a cursory [decision], the Court has no choice but to remand this case to the Hearing Officer for further proceedings."); *I.K. ex rel. B.K. v. Sch. Dist. of Haverford Twp.*, 961 F. Supp. 2d 674, 688 (E.D. Pa. 2013) (finding it "lacked jurisdiction to review the hearing officer's July 2011

Decision until she rendered her final 2012 decision on substantive grounds that addressed whether the child received a free appropriate public education").

Lastly, because the Court finds the undisputed fact—that the ALJ failed to make findings on the merits of Plaintiff's due process complaint—is dispositive of Plaintiff's appeal, the Court *sua sponte* **GRANTS** summary judgment in Plaintiff's favor and **DENIES AS MOOT** her request to reopen discovery and for the court to consider records not relevant to the discrete issue presented here.[2] The Court notes it has provided the District a full and fair opportunity to prove that the ALJ had authority to dismiss Plaintiff's complaint with prejudice despite not making any findings on the merits. It has failed to do so, notwithstanding the Court highlighting the importance of this question in prior Orders and Plaintiff raising the IDEA's requirements in opposition. (Doc. Nos. 16 at 16; 92 at 4; 93 at 29.)

## IV.  CONCLUSION

For the reasons stated herein, the Court **DENIES** the District's motion for judgment in its favor, sua sponte **GRANTS** judgment in Plaintiff's favor, **VACATES** the ALJ's decision, and **REMANDS** the case for further proceedings, including a determination on whether the District denied Plaintiff's son a FAPE during the 2020-2021 school year. The parties are to proceed accordingly forthwith. The Clerk of Court is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED**.

Dated:  December 8, 2023

Hon. Anthony J. Battaglia
United States District Judge

---

[2] As the Court noted in its prior Order, "whether the ALJ had authority to dismiss the due process complaint with prejudice for lack of prosecution is a discrete issue, not dependent on the merits of the underlying due process claim. Exhaustive discussion of the merits of the due process complaint and the administrative record relating thereto is therefore unnecessary." (Doc. No. 92 at 4.)