UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.R.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DEL MAR UNIFIED SCHOOL DISTRICT,<br><br>　　　　　　　　　Defendant. | Case No.: 21-cv-01759-AJB-KSC<br><br>**ORDER AFFIRMING DENIAL OF PLAINTIFF'S BILL OF COSTS** |

On January 18, 2024, the Clerk of Court denied N.R.'s ("Plaintiff") Bill of Costs as untimely. (Doc. No. 121.) On January 26, 2024, Plaintiff filed an "Affidavit in Support of Bill of Costs." (Doc. No. 124.)[1]

To begin, the Court declines to construe Plaintiff's Affidavit as a motion to retax costs. And even if the Court interpreted it as such, it is untimely filed. As noted to Plaintiff in the Clerk's Order denying costs, her deadline to file a motion to retax costs was within seven days of that Order. (Doc. No. 121 at 2.) *See also* L. Civ. R. 54.1(h)(1). She did not file until the eighth day and provided no good cause to excuse her lack of diligence. Not

---

[1] Plaintiff's filing at Doc. No. 123 appears identical except it omits a PACER invoice included in Doc. No. 124.

only does the filing fail to comply with the deadline, but it also fails "to specify the ruling of the Clerk excepted to." L. Civ. R. 54.1(h)(2). Nowhere in the filing does Plaintiff engage with, or even mention, the Clerk's ruling denying her request for costs as untimely.

Next, even if the Court reviewed the Clerk's Order denying Plaintiff's Bill of Costs as timely, the Court would affirm the decision. Local Civil Rule 54.1 allows a prevailing party entitled to costs to file a bill of costs within fourteen days after entry of judgment. L. Civ. R. 54.1(a). Moreover, "the filing of a motion under Fed. R. Civ. P. 59 or 60 does not extend the time to file the bill of costs." *Id.*

Here, an entry of judgment was entered on December 8, 2023. (Doc. No. 100.) Plaintiff did not file a Bill of Costs until January 16, 2024, well beyond the fourteen-day deadline. (Doc. No. 118.) There was no Court order extending the deadline. (Doc. No. 106 at 2 (denying Plaintiff's request to extend deadlines to file a motion for attorneys' fees and costs).) Plaintiff's earlier-filed Rule 59 and 60 motions also do not extend the deadline. *See* L. Civ. R. 54.1(a); *see also Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 582 (9th Cir. 2010) (affirming the district court's denial of costs where the movant failed to comply with the local rules governing motions for taxable costs).

Accordingly, for the reasons stated herein, the Court finds no error in the Clerk's ruling and affirms its denial of Plaintiff's Bill of Costs, in its entirety, as untimely.

**IT IS SO ORDERED**.

Dated: January 29, 2024

Hon. Anthony J. Battaglia
United States District Judge