UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.R.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DEL MAR UNIFIED SCHOOL DISTRICT,<br><br>　　　　　　　　　　Defendant. | Case No.: 21-cv-01759-AJB-KSC<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO SET ASIDE ORDERS, TO AMEND ORDERS, FOR NEW TRIAL, AND TO DISQUALIFY (Doc. No. 107)**<br><br>**and**<br><br>**(2) DENYING PLAINTIFF'S RENEWED EX PARTE MOTION TO SEAL (Doc. No. 109)** |

　　　Before the Court are N.R.'s ("Plaintiff") "Motion to Set Aside the Orders in This Case Rule 60 (B)(4); Motion to Amend the Orders Rule 59(E); Motion for a New Trial Rule 59; Motion to Impeach and Disqualify" (Doc. No. 107) and renewed "Ex Parte to Seal" (Doc. No. 109).[1]

---

[1] The filing at Doc. No. 109 is also styled as a "Third Motion to Impeach and Disqualify." The request, however, is not meaningfully different from her prior motions to disqualify or the one pending at Doc.

1

21-cv-01759-AJB-KSC

Del Mar Unified School District ("Defendant" or "District") filed oppositions. (Doc. Nos. 112, 116.) Plaintiff was afforded time to file a reply but did not file one. (*See* Doc. No. 108 (briefing schedule).) For the reasons set forth below, the Court **DENIES** Plaintiff's motions. (Doc. Nos. 107, 109.)

## I.   EX PARTE REQUEST TO SEAL

To begin, the Court considers Plaintiff's renewed ex parte request to seal. (Doc. No. 109.) In the request, Plaintiff argues that certain filings in the docket must be sealed because they contain personally identifiable information of her minor child. (*Id.* at 17.) For the reasons set forth below, the Court **DENIES** the ex parte request to seal as procedurally improper, and in the alternative, not justified.

### A. Plaintiff's Ex Parte Request is Procedurally Improper

As the Court explained in its prior Order, the use of ex parte applications "is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013).[2]

Upon review of the renewed ex parte request, the Court finds that Plaintiff has not demonstrated any of the above circumstances. While Plaintiff states that she and her minor child "have been harmed and will continue to suffer irreparable harm if this ex parte to seal is not granted," (Doc. No. 109 at 17), she has not specified what harm has occurred or provided any evidence of the injury having occurred. Further undermining Plaintiff's

---

No. 107. The Court thus deems it duplicative of those filings and resolved within the discussion of the same herein.

[2] Unless otherwise indicated, internal citations, quotations, and alterations are omitted from the case citations in this Order.

conclusory claim of an immediate or irreparable harm, nearly all of the documents she seeks to seal were filed more than a year ago and filed by Plaintiff or her prior attorney.

The Court has made clear to Plaintiff that in the absence of circumstances justifying the use of an ex parte application, she must file a proper noticed motion and pointed her to the relevant sections in the Court's Civil Case Procedures to follow. (Doc. No. 106 at 2.) The sections notified Plaintiff of the process to request sealing of documents, as well as the requirement that "[a]ny motion to seal must set forth: (1) a description of the particular documents or part of the document(s) the party seeks to seal; (2) the correct legal standard and an analysis of why the standard has been satisfied with respect to the particular document(s); and (3) affidavits or declarations in support of the motion." Hon. Anthony J. Battaglia, Civil Case Procedures § IV (Jan. 2, 2024). Despite being aware of this information, Plaintiff still chose to file her request to seal on an ex parte basis without adequate support. Because Plaintiff has not shown that proceeding on an ex parte basis is appropriate for her request to seal, the Court again **DENIES** it as procedurally improper.

### B. Plaintiff's Request to Seal is Not Justified

Even considering the merits of Plaintiff's request to seal, the Court finds she has failed to carry her burden to justify sealing. Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79.

Here, Plaintiff identifies five filings, which she argues must be sealed to protect her son because they contain his personally identifiable information. She fails to explain,

however, what in those documents reveals her son's personal information. The Court has reviewed the documents identified and lists them below.

- Page 1 and 2 of Doc. No. 19-5 is Plaintiff's counsel's declaration of service of his motion to withdraw as counsel, filed in November 2022.

- Pages 1 through 6 of Doc. No. 23 is the background section of Plaintiff's opposition to her counsel's motion to withdraw, filed in December 2022.

- Pages 1 through 6 of Doc. No. 24 is the entirety of Plaintiff's counsel's reply in support of his motion to withdraw, filed in January 2023.

- Pages 1 through 3 of Doc. No. 24-1 pages 1-3 is Plaintiff's counsel's declaration in support of his reply, filed in January 2023.

- Page 6 of Doc. No. 96 is a section of the District's reply in support of its motion for summary judgment containing legal and factual analyses, filed in November 2023.

Although Plaintiff has not explained how the above documents contain her son's personally identifiable information, the Court is mindful that pro se litigants' pleadings are to be construed liberally. Upon generous review of the documents, it appears Plaintiff may be taking issue with her last name appearing in certain portions of these filings. Plaintiff would thus have the Court assume that because her last name appears on public filings, her minor child would necessarily be identified and harmed by such disclosure. Nothing in the record or Plaintiff's request to seal, however, supports that assumption. And the Court has found no authority mandating that a parent's last name be automatically sealed in cases involving their minor child.

The Court recognizes that Plaintiff cites the Family Educational Rights and Privacy Act, which "prohibits federal funding of an education institution that 'has a policy or practice of releasing, or providing access to, any personally identifiable information in education records' without the written consent of the student, a lawfully issued subpoena, or a judicial order." *D.L. by & Through Lazaro*, No. 19-CV-0780-GPC-RBB, 2019 WL

13267084, at *2 (S.D. Cal. Nov. 1, 2019) (citing 20 U.S.C. § 1232g(b)(2)). However, Plaintiff does not explain how this statute necessarily means that her last name must be redacted from court filings.

Indeed, other courts considering claims under the Individuals with Disabilities Education and Improvement Act ("IDEA") have identified plaintiffs by last name even where, as here, the plaintiff is a minor's parent. *See id.* (sealing entire administrative record containing the minor's identity and educational development but retaining the parent's last name in the caption); *Goldring v. District of Columbia*, No. CIV.A.02-1761 JDB, 2005 WL 3294005, at *1 n.1 (D.D.C. May 26, 2005) ("The Court will refer to each group of a minor child/student and parent/guardian as a plaintiff, using the last name of the student."). *See also Fotinos v. Fotinos*, 644 F. App'x 793 (9th Cir. 2016) (describing the civil rights case as being brought by plaintiff "Michele Fotinos (on behalf of herself and her minor child A.F.)"); *Guerrero v. Brentwood Union Sch. Dist.*, No. C 13-03873 LB, 2013 WL 5934707, at *1 (N.D. Cal. Nov. 4, 2013) (civil rights case using minor's initials and their parent's last names).

Moreover, Plaintiff's last name has appeared in public filings for over a year. Yet, nothing in the record demonstrates that her child has been threatened with harm or reasonably fears harm resulting from the disclosure of Plaintiff's last name. Without more, the Court finds Plaintiff has not carried her burden to establish that good cause or compelling reasons justify sealing here. Accordingly, based on the foregoing, the Court **DENIES** Plaintiff's ex parte request to seal.[3] (Doc. No. 109.)

## II.     MOTION TO DISQUALIFY AND SET ASIDE ORDERS

As mentioned earlier, Plaintiff submitted a filing styled as a "Motion to Set Aside the Orders in This Case Rule 60 (B)(4); Motion to Amend the Orders Rule 59(E); Motion

---

[3] Plaintiff's request to seal also included a request for: "A protective order to seal documents that contain Personally Identifiable Information (PII) of third party unrepresented minor disabled child, student." (Doc. No. 109 at 17). The Court denies this request for the same reasons it denies sealing of the five documents, as well as denies the request as vague and overbroad.

for a New Trial Rule 59; Motion to Impeach and Disqualify." (Doc. No. 107.) The Court addresses the motion to disqualify and motion to set aside, in turn.

### A. Motion to Disqualify

This is Plaintiff's third motion to disqualify. She again argues that the undersigned should be recused from this case. When considering disqualification motions, courts "employ an objective test: whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens v. U.S. Dist. Ct. for Cent. Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005). "The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." *Id.*

As with her prior motions, Plaintiff continues to hurl baseless accusations of bias and prejudice against the Court based on tenuous associations between the Court and attorneys working at the District's counsel's firm. (Doc. No. 107 at 4–5.) Nothing in the record substantiates what Plaintiff perceives to be collusion between the Court and the District or its counsel. Indeed, Plaintiff's attempt at weaponizing coincidental connections and sheer speculation to make a case for recusal is exactly the type of claim the Ninth Circuit has recognized as insufficient to require recusal. *See Clemens*, 428 F.3d at 1178–79 (9th Cir. 2005) (listing various matters "not ordinarily sufficient" for recusal, including "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters . . . prior rulings in the proceeding, or another proceeding, solely because they were adverse . . . mere familiarity with the defendant(s) . . . baseless personal attacks on or suits against the judge by a party.").

As such, Plaintiff fails to make a showing that would lead a reasonable person to conclude that the Court's impartiality might be questioned in this case. In fact, the Court ultimately ruled in Plaintiff's favor at the summary judgment stage, vacated the Administrative Law Judge's ("ALJ") dismissal of her due process complaint, and remanded the case "for further proceedings, including a determination on whether the

District denied Plaintiff's son a FAPE during the 2020-2021 school year."[4] (Doc. No. 99 at 7.) To the extent Plaintiff attempts to demonstrate bias or prejudice based on other rulings in this case, the Court explains (as it did in its prior Orders) that mere disagreements with judicial rulings are not grounds for disqualification or recusal. *See Liteky v. United States,* 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Clemens*, 428 F.3d 1175, 1178–79 (noting the same).

Accordingly, there being no grounds to warrant recusal in this case, the Court **DENIES** Plaintiff's third motion to disqualify.[5] *See Clemens*, 428 F.3d at 1179 ("[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.").

### B. Motion to Set Aside Orders

Turning to Plaintiff's motion to set aside, she argues that "the courts [sic] orders should be vacated, reversed, amended, or new trial should be granted" under Federal Rule of Civil Procedure ("Rule") 59 because of "clear legal errors and irregularities in the proceedings." (Doc. No 107 at 18–19.) She also requests the Court vacate all orders under Rule 60(b) based on "fraud upon the court." (*Id.* at 19.)

Where a court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or 60(b) (motion for relief from judgment). *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment

---

[4] FAPE is an abbreviation for "free appropriate public education."

[5] Because the instant motion to disqualify is largely duplicative of Plaintiff's prior motions and repeats arguments the Court has previously considered and rejected, the Court fully incorporates herein and reaffirms the findings and analyses in those prior Orders. (Doc. Nos. 69, 103.)

or order. *See Rishor v. Ferguson*, 822 F.3d 482, 489 (9th Cir. 2016); *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

The Court may grant a Rule 59(e) motion "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). But "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc.*, 229 F.3d at 890.

Here, because Plaintiff's motion was filed within twenty-eight days of the Court's judgment, the Court construes it as one arising under Rule 59(e) rather than Rule 60(b).[6] *See Rishor*, 822 F.3d at 489. Plaintiff appears to argue that several, if not all, of the Court's rulings in this case must be altered or amended because there are "clear legal errors and irregularities in the proceedings" as well as "fraud upon the court". (Doc. No. 107 at 18,

---

[6] Even if the Court considered Plaintiff's motion under Rule 60(b), relief would still be unavailable. *See also Pasatiempo by Pasatiempo v. Aizawa*, 103 F.3d 796, 801 (9th Cir. 1996) ("A denial of a motion for reconsideration under Rule 59(e) is construed as one denying relief under Rule 60(b) and will not be reversed absent an abuse of discretion.") Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharge." *Sch. Dist. No. 1J, Multnomah Cnty., Or.*, 5 F.3d at 1263. None of these grounds is applicable here, as more fully explained below.

19.) Plaintiff fails to explain, however, what "clear legal errors and irregularities" and "fraud upon the court" have occurred. Instead, Plaintiff generally points the Court to "all the reasons stated above, below, and all other motions." (*Id.* at 18, 19.) It bears repeating the familiar maxim: "judges are not like pigs, hunting for truffles buried in briefs." *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). "Nor are they archaeologists searching for treasure. Put simply, the Court is not obligated to paw over files in order to make a party's claim." *Krause v. Nevada Mut. Ins. Co.*, No. 2:12-CV-00342-JCM, 2014 WL 99178, at *2 (D. Nev. Jan. 3, 2014).

In any event, the bulk of the motion merely rehashes the Court's rulings and casts unwarranted aspersions on the Court along the way. Plaintiff does not present any newly discovered or previously unavailable evidence. Nor does she raise any intervening change in controlling law. Rather, she attempts to impermissibly re-litigate arguments previously rejected or could have been raised in earlier litigation. It is well settled that "a motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Plaintiff also fails to demonstrate why the extraordinary remedy of setting aside or amending the Court's rulings is necessary to prevent manifest injustice in this case. The Court has granted judgment in Plaintiff's favor. (Doc. No. 100.) Because the ALJ's decision lacked substantive factual findings and conclusions of law required under the IDEA, the Court deemed it appropriate to remand the case for the ALJ to decide in the first instance whether Plaintiff's son was denied a FAPE. *See generally Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472 (9th Cir. 1993) ("[T]he IDEA does not empower courts to substitute their own notions of sound educational policy for those of the school authorities which they review."). Plaintiff does not point to any evidence—in the rest of the administrative record or otherwise—that would have altered the Court's decision.

To the extent Plaintiff claims that remanding the case to the ALJ would work an injustice in this case because her son no longer attends school in the District, the Court disagrees. Nothing precludes the ALJ from awarding Plaintiff appropriate remedies should she prevail on her IDEA claim, even if her son is no longer a student of the District. *See, e.g.*, *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 241–42 (2009) (parents may send their child to a private program and seek retroactive tuition reimbursement from the state); *Michael P. v. Dep't of Educ.*, 656 F.3d 1057, 1069 (9th Cir. 2011) ("We may award reimbursement for private school placement if a school district unreasonably finds a child with disabilities ineligible for services under IDEA and the private school placement is appropriate.").

In the end, nothing in Plaintiff's motion merits the extraordinary relief provided under either Rule 59 or 60. Plaintiff has not presented any errors of fact or law, newly discovered or previously unavailable evidence, an intervening change in controlling law, or circumstances necessary to prevent manifest injustice. Accordingly, the Court **DENIES** Plaintiff's motion to set aside.

### III. CONCLUSION

For the reasons stated herein, the Court **DENIES** Plaintiff's "Motion to Set Aside the Orders in This Case Rule 60 (B)(4); Motion to Amend the Orders Rule 59(E); Motion for a New Trial Rule 59; Motion to Impeach and Disqualify" and "Ex Parte to Seal". (Doc. Nos. 107, 109.) The Clerk of Court is directed to close this case.

**IT IS SO ORDERED**.

Dated: April 15, 2024

Hon. Anthony J. Battaglia
United States District Judge